IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MICHAEL PRITCHETT,<br><br>Defendant. | Crim. No. 18-75-LPS-3 |

### MEMORANDUM ORDER

WHEREAS, Defendant Pritchett previously filed a motion to suppress evidence (D.I. 169), which the Court denied (D.I. 224 at 8-13; D.I. 225 ¶ 3);

WHEREAS, on January 5, 2022, Pritchett filed a second motion to suppress evidence (D.I. 290) and two exhibits in support of that motion (D.I. 290-1, 290-2);

WHEREAS, on January 6, 2022, the government filed a response to Pritchett's second motion to suppress (D.I. 292);

WHEREAS, Pritchett opted not to file a reply brief in support of his second motion to suppress;

WHEREAS, the Court has carefully considered all materials submitted in connection with Pritchett's second motion to suppress (D.I. 290, 290-1, 290-2, 292);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Pritchett's second motion to suppress evidence (D.I. 290) is **DENIED**.

The Court agrees with the arguments in the government's response to Pritchett's motion. (*See generally* D.I. 292 at 2-8)  As a preliminary matter, Pritchett's motion is untimely.  Pretrial motions were due in April 2021.  Pritchett initially complied with that deadline when he filed his first motion to suppress evidence obtained from the -9818 and -5088 phones.  Now, many months later and essentially on the eve of trial, he has not offered any explanation for why he did not pursue

his current challenges to the warrants at that time, or (at a minimum) why he did not seek leave to pursue additional challenges to the warrants shortly after the August 3 hearing on all pretrial motions. (*See generally* D.I. 212 at 40-41) (Pritchett withdrawing portion of first motion to suppress) Pritchett's motion may be denied on this ground alone. *See, e.g.*, Fed. R. Crim. P. 12(c)(3) ("If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely.").

In any event, even if Pritchett's second motion to suppress were timely, it is meritless. The challenged warrants specifically identify the -9818 and -5088 phones; they are not "general warrants." (*See generally* D.I. 290-1, 290-2) Further, although Pritchett argues that the warrants do not even mention records related to FaceTime communications (D.I. 290 at 6), the warrants explicitly refer to "call logs," which fairly encompasses FaceTime logs, when one takes the required "common sense" view of the warrant. *United States v. American Investors of Pittsburgh, Inc.*, 879 F.2d 1087, 1106 (3d Cir. 1989); *see also* D.I. 290-1 at 1; D.I. 290-2 at 1; D.I. 292 at 5.

Finally, even if the warrants were somehow faulty, under the good faith exception to the exclusionary rule, the Court still would not suppress the evidence obtained pursuant to them. *See generally United States v. Hodge*, 246 F.3d 301, 307-08 (3d Cir. 2001) ("The mere existence of a warrant typically suffices to prove that an officer conducted a search in good faith and justifies application of the good faith exception.").

Accordingly, the government may rely on evidence obtained from the -9818 and -5088 phones at trial.

January 12, 2022
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

2