IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MICHAEL PRITCHETT**, *Petitioner/Defendant*, v. **UNITED STATES OF AMERICA,** *Respondent/Plaintiff.* | **Crim. Act. No. 18-75-JDW-3** **Civil Act. No. 23-598-JDW** |

## **MEMORANDUM**

Facing the prospect of a trial on charges that carried a mandatory life sentence, Michael Pritchett decided to plead guilty. He engaged in a lengthy colloquy with me to ensure that he understood what he was doing, and I was satisfied that he did. Yet only a year after I sentenced him, he seeks a writ of *habeas corpus* on the theory that his guilty plea was a product of ineffective assistance of counsel or concealed evidence. He's wrong on both counts, so I will deny his motion.

**I.   BACKGROUND**

On January 31, 2022, Mr. Pritchett pled guilty to four counts for his role in a revenge plot that resulted in the kidnapping and murder of a young woman and the shooting of a then six-year-old boy. As a result of the guilty plea, Mr. Pritchett was guilty of Conspiracy To Stalk (in violation of 18 U.S.C. § 371); Stalking (in violation of 18 U.S.C. §§ 2261A(2)(A) and 2); Conspiracy To Commit Kidnapping (in violation of 18 U.S.C. §§ 1201(a)(1) and

1201(c)); and Use, Carrying, and/or Discharge Of A Firearm During And In Relation To A Crime Of Violence (in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2). Mr. Pritchett entered into his guilty plea pursuant to a plea agreement. Per that agreement, the Government agreed to dismiss a charge of Kidnapping Resulting In Death, which carried a potential sentence of life in prison, and Mr. Pritchett and the Government agreed on a sentence of twenty-five years in prison. As part of the plea agreement, Mr. Pritchett waived his right to file any appeal, any collateral attack, or any other writ or motion after sentencing except for a collateral motion on the grounds that he received ineffective assistance of counsel.

On May 27, 2022, I accepted Mr. Pritchett's plea agreement and sentenced Mr. Pritchett to 300 months in prison, along with a term of supervised release and monetary obligations. I rejected a plea agreement that one of his co-defendants, Dion Oliver, entered, and Mr. Oliver went to trial. He was convicted on four of five counts, including Kidnapping Resulting In Death, and he received a life sentence as a result.

On May 30, 2023, Mr. Pritchett filed a *pro se* Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody pursuant to 28 U.S.C. § 2255. The Motion offers three grounds for me to vacate his sentence: (A) he has newly discovered evidence that the State of Delaware paid a witness (T.R.) against him, and he did not know that; (B) he received ineffective assistance of counsel because his lawyer did not argue that an inchoate offense of conspiracy to commit kidnapping cannot be the predicate offense for an offense under 18 U.S.C. § 924(c); and (C) he received ineffective assistance

of counsel because his lawyer did not seek a request to modify the protective order that Judge Stark entered in the case. I directed the Government to respond to the Motion, and it is now ripe for review.

## II.     ANALYSIS

### A.     New Evidence

To the extent a Section 2255 motion can rely on new evidence without a connection to some constitutional violation (and I will assume it can for purposes of this motion), courts consider Section 2255 petitions on new evidence grounds by applying the standard for a motion for a new trial based on new evidence. *See United States v.* Williams, 166 F. Supp.2d 286, 309 (E.D. Pa. 2001). That makes sense, and I will adopt that approach. To obtain relief based on newly discovered evidence, a movant must demonstrate both that the evidence is, in fact, newly discovered and that the evidence is of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal (among other factors). *See United States v. Quiles*, 618 F.3d 383, 388-89 (3d Cir. 2010). Mr. Pritchett cannot demonstrate either of these factors.

*First*, the evidence was not new. The Government informed Mr. Pritchett's counsel about payments to T.R. on October 21, 2021, months before the guilty plea.

*Second*, there's no reason to think that the disclosure of the payments to T.R. would have changed Mr. Pritchett's decision to plead guilty. The evidence didn't negate an element of a charge against Mr. Pritchett. It just bolstered Mr. Pritchett's ability to

challenge the credibility of a witness whose credibility was already at issue. But there were many other witnesses against Mr. Pritchett, and his decision to plead guilty eliminated the possibility of a life sentence. With this backdrop, there's no reason to think that Mr. Pritchett's decision would have changed.

*Third*, and finally, Mr. Pritchett waived his right to mount this challenge in his plea agreement. Mr. Pritchett understood that by pleading guilty, he was giving up the right to contest the charges against him. And he entered into a waiver of his right to bring a collateral challenge like this to convictions. Implicit in that agreement was an agreement not to relitigate the case based on newly discovered evidence in the absence of an alleged constitutional violation. He has not alleged such a violation, so he has waived this argument. *See United States v. Fazio*, 795 F.3d 421, 425-26 (3d Cir. 2015)

### B.   Ineffective Assistance of Counsel

A petitioner who asserts ineffective assistance of counsel bears the burden of demonstrating both that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment'" and that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In short, counsel's performance must have fallen below an objective standard of reasonableness, and this substandard representation must have prejudiced the petitioner.

A "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court then considers the reasonableness of these specific acts within the context of the particular case and at the time of counsel's conduct. *See id.* Regarding the severity of the prejudice of the defendant, "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 122 (2011) (cite omitted).

In considering a Section 2255 motion, a court must hold an evidentiary hearing allowing the defendant to develop a factual record except where "the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief." *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005) (emphasis in original)). A claim that fails either prong of *Strickland* does not warrant an evidentiary hearing. *See United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988). Mr. Pritchett's arguments fall short of these standards.

*First*, Mr. Pritchett is wrong about the predicate offense for his Section 924(c) conviction. His arguments focus on the conspiracy to kidnap charge, but the predicate offense was stalking, which is not an inchoate offense. Because the argument was wrong, his lawyer had no basis or reason to make that argument, and the failure to do so was not objectively unreasonable. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).

*Second*, Mr. Pritchett has not shown that his counsel's approach to the protected order was unreasonable or prejudicial. The Federal Rules Of Criminal Procedure permit protective orders like the one that Judge Stark entered, and they are routine in cases like this. *See* Fed. R. Crim. P. 16(d)(1). The record shows that Mr. Pritchett's counsel sought several modifications to the protective order in order to facilitate his review of discovery with Mr. Pritchett. In fact, the record shows that counsel made arrangements to review discovery with Mr. Pritchett for six to twelve hours per day, seven days per week). (D.I. 137.) Although Mr. Pritchett asserts in his Motion that he was unable to review all of the discovery, the record contradicts that, and he offers no evidence in support of his motion.

Nor is there any basis to suggest that Mr. Pritchett suffered prejudice as a result of any lost opportunity to review discovery. Mr. Pritchett decided to plead guilty knowing what discovery he had seen and what discovery he hadn't seen. His decision to plead guilty after our extensive colloquy suggests that he didn't need more time to review discovery. Nor has he pointed to anything that he might have seen pursuant to a modified protective order that would have changed his decision to plead guilty. He therefore comes up short under *Strickland*.

*Third*, and finally, to the extent Mr. Pritchett's arguments about the Government's payments to T.R. might constitute an ineffective assistance of counsel claim, they fail. Mr. Pritchett's counsel learned of the payments to T.R. in the months before the trial, just as he was supposed to do. With that knowledge, he gave Mr. Pritchett his best advice about

whether Mr. Pritchett should plead guilty, a fact that he confirmed for me on the record during the plea colloquy. And, for the reasons I outlined in discussing the new evidence argument, Mr. Pritchett cannot show prejudice from his counsel's conduct because he would have pled guilty in any event.

### III.   CONCLUSION

Mr. Pritchett might not want to serve his sentence, but he has no basis to vacate it. His lawyer performed admirably, and Mr. Pritchett was in possession of all of the evidence he needed to make an informed decision to plead guilty. I will therefore deny his Motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

October 3, 2023